UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-CR-00051-RLW |
| | ) |
| TRAVION J. BROWN, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION
TO AUTHORIZE PAYMENT FROM INMATE TRUST ACCOUNT**

Mr. Travion Brown, through his attorney Nanci H. McCarthy, opposes the United States' Motion to Authorize Payment from his trust account for the reasons set forth herein. His challenges concern the government's lack of compliance with 18 U.S.C. § 3664(k) and their ability to seize *all* assets in his inmate trust account. Because this type of challenge is statutorily authorized,[1] Mr. Brown's claims are properly before the Court.

**1. This Court lacks jurisdiction to issue the requested remedy because the government has not complied with the governing statute and has failed to demonstrate a material change in the defendant's circumstances.**

The government requests that this Court enter a Restitution Order modifying Mr. Brown's sentence under 18 U.S.C. § 3664(k).[2] The relevant parts of that statute provides:

> "A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic

---

[1] 28 U.S.C. § 3202(d) (2021).
[2] Doc. No. 72 at 1 ("[The United States] requests this Court enter an Order… to turn over… all funds held in Defendant's inmate trust account.").

1

circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."[3]

**a. The government has not proven a material change.**

On May 4, 2018, this Court ordered Mr. Brown to pay $5,400.00 in restitution and a special assessment of $400.00.[4] As of the date of this filing, Mr. Brown has paid $317.92 in satisfaction of this criminal fine.  Payments have been made from Mr. Brown's inmate trust account as he earns nominal amounts for custodial work assignments.  Mr. Brown has no family or employment income sources contributed to his inmate account.  The remaining balance of the fine owed is $5,482.08.

The government asks this Court to turn over the entirety of Mr. Brown's inmate trust account—whatever that may be—to satisfy his restitution obligation.[5] 18 U.S.C. § 3664(k) requires the notifying party to inform the court of any "material change" in the defendant's economic circumstances.[6] A material change in a defendant's economic circumstances is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed.[7] A court's

---

[3] 18 U.S.C. § 3664(k).
[4] *See* Judgment, Doc. No. 69 at 7.
[5] Doc. No. 72 at 1 ("[The United States] requests this Court enter an Order… to turn over… *all funds* held in Defendant's inmate trust account.") (emphasis added).
[6] 18 U.S.C. § 3664(k) (2021) ("The court may also accept notification of a material change in the defendant's economic circumstances from the United States… Upon receipt of the notification, the court may… adjust the payment schedule, or require immediate payment in full, as the interests of justice require.").
[7] *United States v. Dye*, No. 02-1184, 2002 WL 31245976, at *220 (8th Cir. Oct. 8, 2002).

later understanding that it had sentenced a defendant without full knowledge of his assets alone does not constitute a material change in economic circumstances.[8]

The government has offered no objective comparison of Mr. Brown's financial state. Neither has the government shown that the amount in Mr. Brown's account is less than the remainder of his criminal fine (although it almost certainly is as Mr. Brown is destitute and has no family support to provide funds for commissary or basic hygiene purchases). Instead, the government asserts that receipt of a single $1200 tax credit payment demonstrates a change in circumstances and asks this Court to order the funds turned over based solely on the assumption that Mr. Brown has "accumulated significant funds,"[9] and that these funds are less than the amount of his criminal fine.

The government further asks that *all* of this unknown balance be seized.[10] An order to liquidate an inmate's entire account when his balance is unknown implicates the Excessive Fines clause and is premature under the statute absent proof of that balance.[11] Even an increase in the inmate fund balance based upon a singular stimulus check does not demonstrate a change in economic circumstances

---

[8] *Id.*
[9] Doc. No. 72 at 5.
[10] *See* n.5, *supra*.
[11] *See Cani v. United States*, 331 F.3d 1210, 1215-16 (11th Cir. 2003) ("the MVRA enables the district court to modify a restitution order to reflect… a *bona fide* change in the defendant's financial condition, either positive or negative. *See* 18 U.S.C. § 3664(k). However, neither of these documents demonstrate that [defendant's] economic circumstances have changed in any way since the imposition of his sentence, and thus his present financial status is no different from that contemplated by the district court when it imposed the restitution order."); *United States v. Thornbrugh*, Case No. 89–CR–0067–CVE, 2018 WL 3193804, at *2 (D. Okla. June 28, 2018) (denying government's motion to turn over all funds when government failed to specify the amount by which defendant's account was affected.).

as there is no demonstration that Mr. Brown will continue to generate any future income or receive continual supplements to his inmate account. A singular stimulus check providing an upward account balance is strikingly different from an inmate who has had an actual change in circumstances based upon inheritance, lottery, salary, family support or other format which would indicate a long term on continual source of revenue. Since the government has not yet complied with the statute's required showing of materiality, this Court lacks jurisdiction to grant the requested relief and the government's motion should be denied. Even if the Court finds a change in economic condition to liquidate all of Mr. Brown's funds needed for daily necessities when he shows no likelihood or ability to have future increases to his inmate fund would be manifestly unjust. Even the Bureau of Prisons recognizes the inequity of seizing the entire balance of an inmate account and this Court's own judgment in this case states "all criminal monetary penalties are due in full immediately….During incarceration it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prison's Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant." The government's request for seizure of the entire inmate account without any demonstration that Mr. Brown's "windfall" provides any mechanism for future income is counter to the original sentencing order and the Bureau of Prison Financial Responsibility Program.

    Moreover, the government acknowledges that certain property is exempt from seizure in a criminal case. The government incorrectly states that because

the payment Mr. Travion may have received under the CARES Act is cash it does not fall within any applicable exemption. However, the exemptions listed in 18 U.S.C. 3613(a)(1) specifically prohibit seizure of *cash* from workmen's compensation, unemployment benefits and certain pension payments.  No one could have anticipated the COVID pandemic which has swept our nation but the type of cash benefits which Congress has specifically excluded from seizure are cash payments designed to supplement during periods of hardships - similar to the funds dispersed under the CARES Act.  However, the cash assets excluded from seizure are different in that many of those cash payments protected from seizure are payments which could actually change a defendant's economic circumstances if they are ongoing or continuous payments.  A single stimulus check is a sharp contrast and it will not provide any on going change in circumstances.

### b. The government has not certified to this Court that it has notified the victim.

The government is required by statute to "certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances."[12] To date the government has not yet provided this Court with any form of certification stating that the victims have been notified.[13]  Because the government has not yet complied with the statute's victim notification requirement,

---

[12] 18 U.S.C. § 3664(k); *United States v. Dye*, 2002 WL 31245976, at *219 ("The Attorney General must certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. After receipt of notification, the court may adjust the restitution payment schedule."); *United States v. Day*, No. 4:06–CR–767 CAS, 2009 WL 2948462, at *3 (E.D. Mo. Sept. 14, 2009) (same).

[13] Doc. No. 72 at 5 ("The United States is serving Defendant with a copy of this motion by first class mail, postage prepaid, and he may object to the intended use of his property. The United States is not aware of any other party who may claim an interest in this property.").

this Court lacks jurisdiction to grant the requested relief and the government's motion should be denied.

WHEREFORE, counsel requests the Court deny the government's request to seize *all* of defendant's inmate funds on the grounds that 1) they have failed to comply with the statutory requirement to demonstrate a change in economic circumstances; 2) they have failed to show that the funds requested not similar in kind to those anticipated to be exempt from seizure by virtue of their nature and intent and 3) they have failed to show that even if a single stimulus check represents a change in economic circumstances that seizure of the entire inmate fund would be appropriate or just given that Mr. Brown has no method or means to regenerate the meager funds he held prior to any payout under the CARES Act.

                    Respectfully submitted,

                    /s/Nanci H. McCarthy
                    NANCI H. MCCARTHY
                    Assistant Federal Public Defender
                    1010 Market Street, Suite 200
                    St. Louis, Missouri 63101
                    Telephone: (314) 241-1255
                    Fax: (314) 421-3177
                    E-mail: Nanci_McCarthy@fd.org

                    ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 12, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Anthony Debre, Assistant United States Attorney.

/s/Nanci H. McCarthy
NANCI H. MCCARTHY
Assistant Federal Public Defender
