UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CR-51 RLW |
| ) | |
| TRAVION J. BROWN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the United States of America's motion (ECF No. 72) for an order pursuant to 18 U.S.C. §§ 3613(a) and 3664(n) authorizing the Bureau of Prisons ("BOP") to turn over to the Clerk of Court all funds held in Defendant Travion J. Brown's inmate trust account as payment toward the criminal restitution imposed in this case. Defendant initially opposed the government's motion (ECF No. 80) through the Federal Public Defender's Office, which later filed a Motion to Withdraw Document stating that Mr. Brown no longer contests the pending turnover motion and approves transferring the encumbered funds toward his restitution. (ECF No. 84).

### Background

On December 6, 2017, Defendant pleaded guilty to one count of carjacking in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 2119(1); one count of attempted carjacking in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 2119(1); one count of attempted carjacking with serious bodily injury in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 2119(2); and one count of discharging a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 924(c)(1)(A)(iii). (ECF No. 69 at 1-2.)

On May 4, 2018, this Court sentenced Defendant to a total of 300 months imprisonment, and 3 years supervised release. (Id. at 3-4.) The Court also ordered Defendant to pay $5,400.00 in restitution jointly and severally with a juvenile Defendant A.M. in Case No. 4:17-CR-0066 AGF (E.D. Mo.), and a special assessment of $400.00. (Id. at 7-8.) As of the date of this filing, the Defendant has paid $317.92 toward this debt and the remaining balance is $3,975.88.

Defendant remains in federal custody serving his sentence of imprisonment. According to the U.S. Bureau of Prisons' Inmate Locator System, Defendant is presently incarcerated at Manchester FCI in Manchester, Kentucky. He is scheduled to be released from federal custody on March 20, 2038.[1]

According to the government's Motion and Reply memorandum, Defendant received a $1,200 tax credit check and a subsequent $600 tax credit check pursuant to Pursuant to Title II, Subtitle B, of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136 (2020). At the request of the U.S. Attorney's Office, the BOP encumbered Defendant's inmate account against further transfer, withdrawal, or assignment, in the amount of $1,404.42. (ECF No. 81-2 at 1.) The government seeks an order from this Court authorizing the BOP to turn over $1,404.42 from Defendant's inmate trust account to the Clerk of the Court as payment towards Defendant's outstanding criminal monetary restitution and special assessment obligations.

## Discussion

The purpose of inmate trust accounts or commissary accounts is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545. A sentence, including criminal restitution, acts as a lien in favor of the United States on all property and rights to property

---

[1] Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 13, 2021).

of the person fined, including funds held by the BOP in inmate trust accounts. 18 U.S.C. § 3613(a), (c) (government enforces restitution against all property and rights to property of the defendant); 18 U.S.C § 3664(m) (government may use all available, reasonable means to collect restitution).

The Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, et seq., requires that resources received by a defendant from any source during his term of incarceration be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664(n) provides that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Under this authority, the government argues it is entitled to sum of money in Defendant's inmate trust account. Further, because the property is a cash deposit, the government argues it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case, such as (1) wearing apparel and schoolbooks; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1).

Under 18 U.S.C. § 3664(k), Defendant was required to notify this Court and the Attorney General of any material change in his "economic circumstances" that might affect his ability to pay restitution. See 18 U.S.C. § 3664(k). The government asserts that Defendant's receipt of over $1,200 constitutes a material change in his "economic circumstances" that affects his ability to pay restitution under section 3664(k), but Defendant did not notify this Court or the U.S. Attorney's

3

Office of his receipt of these funds. "Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." Id. The United States submits that an order authorizing the turnover of Defendant's property is reasonable and appropriate because without this relief, the BOP will be required to allow Defendant access to these funds, allowing him, or others, the opportunity to dissipate, conceal, or transfer the funds without first paying restitution.

The Court finds that Defendant's receipt of the stimulus checks constitutes a material change of economic circumstances affecting his ability to pay restitution. See United States v. Pospisil, 4:18-CR-155 AGF (E.D. Mo. Mar. 15, 2021) (finding the accumulation of approximately $1,400.00 in Defendant's inmate trust account "constitutes a material change in Defendant's economic circumstances that affects his ability to pay restitution under 18 U.S.C. § 3664(k)."). The Court also finds the Judgment in this case ordered that all criminal monetary penalties, including restitution, "are due in full immediately." (ECF No. 69 at 8.) Cf. United States v. Raifsnider, __ F. App'x __, 2021 WL 1663566, at *1 (8th Cir. Apr. 28, 2021) (stating that where the criminal case judgment appeared to indicate payment was due in installments, "the government may have lacked authority under 18 U.S.C. § 3613(a) to collect more than the installment payments").

The Court will grant the United States' motion and order the encumbered funds in the amount of $1,404.42 be paid to the Clerk of Court under 18 U.S.C. § 3664(k) to be applied to his criminal restitution and special assessment obligations in this case.

4

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion to Authorize Payment from Inmate Trust Account (ECF No. 72) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Bureau of Prisons shall turn over to the Clerk of the United States District Court for the Eastern District of Missouri funds held in the inmate trust account of Defendant Travion J. Brown, Reg. No. 46541-044, in the amount of One Thousand Four Hundred Four Dollars and Forty-Two Cents ($1,404.42), as payment towards criminal restitution and special assessment obligations imposed in this case. Said payment shall be limited to the amount of criminal monetary penalties due. To the extent Defendant's account balance may exceed the amount of any criminal monetary penalties due, the Bureau of Prisons is hereby directed to unencumber any such funds in the account.

**IT IS FURTHER ORDERED** that Defendant Travion J. Brown's Motion for Leave to Withdraw Document (ECF No. 84) is **GRANTED**, and Defendant's Opposition (ECF No. 80) is **withdrawn**.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of May, 2021.